```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
GLORIA HOLLOWAY,

                Plaintiff,                      MEMORANDUM AND ORDER

        - against -                              19 Civ. 2195 (NRB)

THE HOLY SEE,

                Defendant.
----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Gloria Holloway ("plaintiff") brings this lawsuit solely on her own behalf against defendant the Holy See ("Holy See" or "defendant") in its alleged capacities as a foreign state, unincorporated association, and head of an international religious organization. Plaintiff, who alleges that she was sexually assaulted by a reverend at her school in Mississippi in 1967, sued defendant for allegedly mandating the cover up of child rape and sexual abuse by the Roman Catholic Church's clergy and agents in the United States.

Defendant moves to dismiss the lawsuit for improper venue and on the ground that it is untimely under the applicable statute of limitations. Defendant also moves to dismiss for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act, lack of standing, and for failure to state a claim upon which

relief can be granted.  For the reasons that follow, the Court dismisses the case for improper venue.

## Background[1]

This case arises from events that occurred in Chatawa, Mississippi in 1967.  Plaintiff, a resident of Mississippi at the time, alleges that Reverend Timothy Cawley anally raped and sexually assaulted her while she was a minor student at St. Mary of the Pines school.  Plaintiff further alleges that she suffers ongoing emotional and psychological injuries as a result of the assault.  Plaintiff resides in New York.

Fifty-two years after the alleged assault, on March 11, 2019, plaintiff filed the instant complaint in the Southern District of New York, asserting claims for respondeat superior, violations of customary international law, negligence, breach of fiduciary duty, and seeking injunctive relief against the Holy See.  The thrust of plaintiff's case is that the Holy See mandated the cover up of the Catholic Church's clergy's and agents' acts of sexual abuse, and as a result, should be held liable for Reverend Cawley's conduct in Mississippi in 1967.  In support of her argument, plaintiff alleges that the Holy See engages in the oversight and guidance of the Catholic Church in the United States, and also participates in

---

[1] The following facts, which are drawn from the operative complaint, are accepted as true for purposes of the Court's ruling on defendant's motion to dismiss.  The Court draws all reasonable inferences in plaintiff's favor.  See Koch v. Christie's Int'l PLC, 699 F.3d 141, 145 (2d Cir. 2012).

commercial activity by collecting contributions in the United States, including in New York.

Plaintiff openly acknowledges that the statute of limitations has long since run in Mississippi, and that she has filed this case in New York in an effort to rely on C.P.L.R. 214-g, which is also known as the Child Victims Act ("CVA"). The CVA, passed on February 14, 2019, opened a window to revive cases involving sexual abuse of minors, regardless of the current age of the victim, where the statute of limitations had run. Plaintiff thus filed suit in New York "to benefit from the enactment of CPLR § 214-g." ECF No. 41 (Pl.'s Mem. of Law in Opp. to Def.'s Mot. to Dismiss ("Opp.")) at 1. We focus our discussion on defendant's motion to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue.

## **Analysis**

Pursuant to 28 U.S.C. § 1391(f)(1), a civil action against a foreign state may be brought "in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ." "[F]or venue to be proper, <u>significant</u> events or omissions <u>material</u> to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." <u>Gulf Ins. Co. v. Glasbrenner</u>, 417 F.3d 353, 357 (2d Cir. 2005) (emphasis in

3

original); see also Pablo Star Ltd. v. Welsh Gov't, 170 F. Supp. 3d 597, 609 (S.D.N.Y. 2016) ("[T]he court must take seriously the adjective substantial.") (citation and internal quotation marks omitted).

"The purpose of venue is ordinarily to protect the defendant from unfairness or inconvenience." Crotona 1967 Corp. v. Vidu Bro. Corp., No. 09 Civ. 10627, 2010 WL 5299866, at *1 (S.D.N.Y. Dec. 21, 2010) (emphasis in original) (citing Leroy v. Great Western United Corp., 443 U.S. 173, 183–84 (1979)). When venue is improper, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff's reliance on Section 1391(f)(1) is wholly misplaced as no part of the events occurred in New York. Rather, all of the events took place in Mississippi. The law is clear that venue in sexual abuse cases lies in the district where the abuse occurred. See, e.g., Chenevert v. Springer, No. Civ. C-09-35, 2009 WL 2215115, at *3 (S.D. Tex. July 22, 2009) (finding that because alleged abuse was not suffered in Texas, venue was improper in Texas); Fisher v. Int'l Student Exch., Inc., 38 F. Supp. 3d 276, 285 (E.D.N.Y. 2014) (finding that venue was improper in New York as the alleged abuse took place in Montana and the representatives responsible for monitoring the student were in

Montana even though the exchange program's corporate headquarters were in New York).

Notwithstanding the facts as alleged, plaintiff attempts to reframe the narrative to make it appear that a significant portion of the events took place in New York. Each of plaintiff's arguments fail.

First, plaintiff implausibly argues that because her claim arises under the CVA — a New York statute — a substantial part of the events took place in New York. See Opp. at 10 ("[I]t is submitted that the enactment and application of the CVA is the single most significant and material event giving rise to Plaintiff's claim herein."). However, the CVA itself does not create a cause of action, nor does it regulate conduct. Giuffre v. Dershowitz, No. 19 Civ. 3377, 2020 WL 2123214, at *2 (S.D.N.Y. Apr. 8, 2020).[2]

Second, plaintiff argues that material events and omissions took place in New York as a significant amount of the Church's

---

[2] In any event, the CVA does not apply to plaintiff's claim. Claims arising pursuant to the CVA must be tied to an alleged violation of New York criminal law, and thus the CVA cannot revive claims where the alleged abuse occurred outside of New York. See CVA ("[E]very civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against a child less than eighteen years of age . . . is hereby revived . . . .") (emphasis added). The CVA is clear that it relies on New York criminal law, which does not apply to conduct in Mississippi. See S.H. v. Diocese of Brooklyn, No. 517999/2019, 2020 WL 4730433, at *3 (N.Y. Sup. Ct. Aug. 14, 2020) ("Absent an express intent otherwise, a New York statute does not apply extraterritorially.") (citation omitted).

5

general commercial activities take place in New York. Opp. at 11. However, defendant's fundraising activities in New York over fifty years after the alleged assault in Mississippi in 1967 are entirely unrelated to plaintiff's action. For proper venue, there must be a nexus between the acts alleged and the claim itself. "When material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed 'significant' and, thus, substantial, but when a close nexus is lacking, so too is the substantiality necessary to support venue." Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 433 (2d Cir. 2005).

Third, plaintiff argues that a significant part of the events took place in New York because she experienced psychological injuries resulting from the 1967 assault while living in New York. However, it is well-established that the location of the effects of a tort have no bearing on venue. See, e.g., Pushkin v. Nussbaum, No. 10 Civ. 9212, 2012 WL 75409, at *1 (S.D.N.Y. Jan. 9, 2012) (finding that receipt of follow-up medical care in the district when automobile accident occurred elsewhere was insufficient to establish proper venue); Pisani v. Diener, No. 07 Civ. 5118, 2009 WL 749893, at *7 (E.D.N.Y. Mar. 17, 2009) ("continued alleged suffering" in a location does not create venue there where "all of the events relevant to the claims" took place elsewhere); Daleus v. Kovelesky, No. 98 Civ. 9628, 1998 WL 856077, at *1 (S.D.N.Y. Dec. 7, 1998) ("The subsequent remedial actions taken in New York

6

may have contributed to the amount of damages, but can in no meaningful way be said to have given rise to the claim itself."). As the incident alleged took place in Mississippi, that is where venue must lie.

Fourth, perhaps recognizing that her attempts to establish venue based on the events giving rise to the claim are futile, plaintiff argues that she has been a resident in New York for over fifty years, and thus is entitled to bring suit in New York. However, plaintiff's present residence is irrelevant to the analysis of proper venue in a case against a foreign state, particularly as venue rules are intended to "protect the <u>defendant</u> against the risk that a plaintiff will select an unfair or inconvenient place of trial." <u>Leroy</u>, 443 U.S. at 183-84 (emphasis in original). The statutory language of Section 1391 supports this analysis. <u>Compare</u> § 1391(e)(1)(c) (venue is proper in actions where defendant is a United States employee or officer where the plaintiff resides if no real property is involved) <u>with</u> § 1391(f) (no reference to plaintiff's residence as proper venue); <u>see</u> <u>Salinas v. United States R.R. Ret. Bd.</u>, 141 S.Ct. 691, 698 (2021) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (citation omitted). Section 1391(f)(1) is explicit that proper venue lies where a

7

substantial portion of the event giving rise to the claim took place, and thus plaintiff's residence is irrelevant to the venue analysis.

As plaintiff fails to establish that venue is proper in New York,[3] the Court dismisses the case in its entirety.[4]

## **Conclusion**

For the foregoing reasons, the Court grants defendant's motion to dismiss in its entirety. The Clerk of Court is respectfully

---

[3] Where, as here, a case must be dismissed on the threshold ground that venue is improper, the Court need not reach the issue of whether an exception to the general rule of sovereign immunity applies to confer subject matter jurisdiction. Luxexpress 2016 Corp. v. Gov't of Ukraine, No. 15 Civ. 4880, 2018 WL 1626143, at *3 (S.D.N.Y. Mar. 30, 2018).

[4] In any event, this lawsuit is time-barred under New York's borrowing statute, CPLR § 202, which borrows the statute of limitations of the jurisdiction where the claim arose, if shorter than New York's, to determine whether the action was timely filed, unless the plaintiff was a New York resident at the time that the claim accrued. S.H., 2020 WL 4730433, at *5; see also Silva v. Toll Brother's Inc., No. 97 Civ. 741, 1998 WL 898307, at *2 (S.D.N.Y. Dec. 23, 1998) ("If plaintiffs are unable to establish that [plaintiff] was a resident of New York at the time of the accrual of the claim, she would face the shorter of the two statutes of limitations under CPLR 202."); Besser v. E.R. Squibb & Sons, Inc., 146 A.D.2d 107, 117 (1989), aff'd, 75 N.Y.2d 847 (1990) ("[W]e note that the dissent premises its entire argument on plaintiff's claim that she is now a New York resident, a circumstance which is irrelevant, since plaintiff can avoid the operation of CPLR 202 only if she was a New York resident at the time her cause of action accrued."); Allen v. Handszer, 560 N.Y.S.2d 593, 597 (Sup. Ct. 1990).

Plaintiff concedes that her claims are untimely under Mississippi law, but nevertheless asserts that the Mississippi statute of limitations is not applicable pursuant to the borrowing statute because the CVA applies "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary." C.P.L.R. 214-g. Plaintiff's position is misguided. The New York Supreme Court has already held that the phrase "notwithstanding any provision of law" does not preclude application of CPLR § 202. S.H., 2020 WL 4730433, at *5. Thus, even if the CVA were to apply to plaintiff's claim, Section 202 would require the Court to apply Mississippi's statute of limitations, and — as plaintiff herself acknowledges — her claim would be time-barred.

directed to terminate the motion pending at docket entry 29 and close this case.[5]

**SO ORDERED.**

DATED:    New York, New York
         May 5, 2021

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[5] The Court acknowledges that defendant requested oral argument. However, given the outcome and given that our decision is based on established venue doctrine, the Court decided that oral argument was unnecessary. Moreover, we deny plaintiff's single-sentence request for leave to amend, as there is no dispute about the facts relevant to venue.

9